**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Angel Cunningham, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Jorge L. Alonso |
| | ) | |
| v. | ) | Case No.: 1:16-cv-03938 |
| | ) | |
| CMRE Financial Services, Inc., | ) | Magistrate Judge Mary Rowland |
| | ) | |
| Defendant. | ) | |

**CMRE FINANCIAL SERVICES, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant, CMRE Financial Services, Inc. ("CMRE"), by and through undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, states for its answer and affirmative defenses to the complaint filed by Plaintiff, Angel Cunningham, as follows:

**COMPLAINT**

Plaintiff, Angel Cunningham, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 452, et seq. ("ICAA"), and alleges:

**ANSWER: CMRE admits that Plaintiff purports to bring this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Illinois Collection Agency Act ("ICAA"), 225 ILCS 425/2, *et seq*., but denies any and all damages, liability and/or violations to the extent alleged in the unnumbered**

paragraph. Except as specifically admitted, CMRE denies the allegations in the unnumbered paragraph.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331, and pursuant to 28 U.S.C. § 1367 for Plaintiff's state law claim(s).

**ANSWER: CMRE denies the allegations in ¶ 1 based upon *Spokeo, Inc. v. Robins*, --- S.Ct. ---, 2016 WL 2842447 (U.S. May 16, 2016).**

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

**ANSWER: CMRE admits the allegations for venue purposes only. Except as specifically admitted, CMRE denies the allegations in ¶ 2.**

## PARTIES

3. Plaintiff, Angel Cunningham ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Weiss Memorial Hospital consumer medical account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA, and is a "debtor" as that term is defined in 225 ILCS 425/2 of the ICAA.

**ANSWER: CMRE denies the allegations in ¶ 3 for lack of knowledge or information to form a reasonable belief therein. Further answering, CMRE denies that plaintiff is a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA, and denies that plaintiff is a debtor as that term is defined in 225 ILCS 425/2 of the ICAA.**

4. Defendant, CMRE Financial Services, Inc. ("CMRE"), is a California corporation with its principal place of business at 3075 East Imperial Highway, Suite 200, Bren, California 92821. It does or transacts business in Illinois. Its registered agent is CT Corporation System, located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604. (Exhibit A, Record from Illinois Secretary of State).

**ANSWER: CMRE admits it is a California corporation and further admits it has a registered agent located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604. CMRE admits only that when it operates as a debt collector as defined by 15 U.S.C. § 1692(a)(6), that certain of its activities may be regulated by the FDCPA. Furthermore, CMRE admits only that part of its business practices include, under certain circumstances, the collection of consumer debts using mail and telephone. Except as specifically admitted, CMRE denies the allegations in ¶ 4.**

5. Defendant CMRE is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

**ANSWER: CMRE admits only that part of its business practices include, under certain circumstances, the collection of consumer debts using mail and telephone. Except as specifically admitted, CMRE denies the allegations in ¶ 5.**

6. Defendant CMRE holds a collection agency license from the state of Illinois and is a "collection agency" as that term is defined by 225 ILCS 425/2 of the ICAA. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

**ANSWER: CMRE admits it holds an Illinois collection agency license. Except as specifically admitted, CMRE denies the allegations in ¶ 6.**

7. Defendant CMRE regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

**ANSWER: CMRE admits only that when it operates as a debt collector as defined by 15 U.S.C. § 1692(a)(6), that certain of its activities may be regulated by the FDCPA. Furthermore, CMRE admits only that part of its business practices include, under certain circumstances, the collection of consumer debts using mail and telephone. Except as specifically admitted, CMRE denies the allegations in ¶ 7.**

## FACTUAL ALLEGATIONS

8. Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for Weiss Memorial Hospital consumer medical debt ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

**ANSWER: CMRE is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 8.**

9. Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

**ANSWER: CMRE is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 9.**

10. CMRE was subsequently assigned the alleged debt for collection.

**ANSWER: CMRE admits it had an account in plaintiff's name. Except as specifically admitted, CMRE denies the allegations in ¶ 10.**

11. On or about June 9, 2015, CMRE sent a letter ("Letter") regarding the alleged debt directly to Plaintiff. (Exhibit C, Letter).

**ANSWER: CMRE states that Exhibit C is in writing and speaks for itself. To the extent Paragraph 11 seeks to add to, modify or mischaracterize Exhibit C, those allegations are denied. Except as specifically admitted, CMRE denies the allegations in ¶ 11.**

12. The Letter conveyed information regarding the alleged debt, including the creditor, an account number and a principal amount.

**ANSWER: CMRE states that Exhibit C is in writing and speaks for itself. To the extent Paragraph 12 seeks to add to, modify or mischaracterize Exhibit C, those allegations are denied. Except as specifically admitted, CMRE denies the allegations in ¶ 12.**

13. Thus, the Letter was a "communication" as that term is defined at §1692a(2) of the FDCPA.

**ANSWER: Paragraph 13 contains only a legal conclusion requiring no response. To the extent that an answer is required, CMRE denies the allegations in ¶ 13.**

14. The Letter states, in part:

> You are hereby notified that a negative credit report may be submitted to Trans Union and Experian and may remain on your credit history for up to 7 years.

**ANSWER: CMRE states that Exhibit C is in writing and speaks for itself. To the extent Paragraph 14 seeks to add to, modify or mischaracterize Exhibit C, those**

**allegations are denied. Except as specifically admitted, CMRE denies the allegations in ¶ 14.**

15. The Letter implies that CMRE can report the alleged debt to the credit bureaus for up to seven years from the date of the Letter.

**ANSWER: CMRE denies the allegations in ¶ 15.**

16. The Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA") provides for the requirements of credit reporting by the credit bureaus, and from furnishers of credit information to the credit bureaus.

**ANSWER: Paragraph 16 contains only a legal conclusion requiring no response. To the extent that an answer is required, CMRE denies any damages, liability and/or violations, to the extent alleged in ¶ 16.**

17. 15 U.S.C. § 1681c of the FCRA provides as follows:

Requirements relating to information contained in consumer reports

(a) Information excluded from consumer reports. Except as authorized under subsection (b), no consumer reporting agency may make any consumer report containing any of the following information:

> . . . (4) Accounts placed for collection or charged to profit and loss which antedate the report by more than seven years. . .

. . .(c) Running of Reporting Period

> (1) In general. The 7-year period referred to in paragraphs (4) and (6) of subsection (a) shall begin, with respect to any delinquent account that is placed for collection (internally or by referral to a third party, whichever is earlier), charged to profit and loss, or subjected to any similar action, upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action. . . .

**ANSWER: Paragraph 17 contains only a legal conclusion requiring no response. To the extent that an answer is required, CMRE denies any damages, liability and/or violations, to the extent alleged in ¶ 17.**

18. Under the FCRA, the alleged debt can only be reported on Plaintiff's credit report for seven years from the date of delinquency, not from the date CMRE sent Plaintiff its Letter.

**ANSWER: Paragraph 18 contains only a legal conclusion requiring no response. To the extent that an answer is required, CMRE denies any damages, liability and/or violations, to the extent alleged in ¶ 18.**

19. The date of delinquency on the alleged debt was sometime in 2013, and therefore, it can only be reported until sometime in 2020.

**ANSWER: CMRE is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 19.**

20. CMRE made this false and misleading representation in an attempt to coerce Plaintiff into paying the alleged debt.

**ANSWER: CMRE denies the allegations in ¶ 20.**

21. Plaintiff, and the unsophisticated consumer, believed that if he did not pay the alleged debt, CMRE would report the alleged debt for seven years from the date of the Letter.

**ANSWER: CMRE denies the allegations in ¶ 21.**

22. It is improper under the FDCPA to imply that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass. *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir.2012).

**ANSWER: Paragraph 22 contains only a legal conclusion requiring no response. To the extent that an answer is required, CMRE denies any damages, liability and/or violations, to the extent alleged in ¶ 22.**

23. 15 U.S.C § 1692 of the FDCPA provides as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . . (2) The false representation of—
>
> (A) the character, amount, or legal status of any debt. . .
>
> . . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . .
>
> . . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

**ANSWER: Paragraph 23 contains only a legal conclusion requiring no response. To the extent that an answer is required, CMRE denies any damages, liability and/or violations, to the extent alleged in ¶ 23.**

24. CMRE used a false and misleading representation, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10), when it implied to Plaintiff that it could report the alleged debt to the credit bureaus for a period longer than the permissible period under 15 U.S.C. §§ 1681c(a)(4) and 1681c(c)(1).

**ANSWER: CMRE denies the allegations in ¶ 24.**

25. 225 ILCS 425/9 of the ICAA prohibits the following

> . . . (24) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . .

**ANSWER: Paragraph 25 contains only a legal conclusion requiring no response. To the extent that an answer is required, CMRE denies any damages, liability and/or violations, to the extent alleged in ¶ 25.**

26. CMRE attempted to enforce a right to fees to which they had no right, in violation of 225 ILCS 425/9 of the ICAA when it informed Plaintiff it could report the alleged debt for up to seven years.

**ANSWER: CMRE denies the allegations in ¶ 26.**

27. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

**ANSWER: CMRE denies the allegations in ¶ 27.**

28. In fact, statutes providing for administrative remedies (e.g. the revocation of a license, etc.) imply civil rights of action in *Illinois. Trull v. GC Servs. Ltd. P'ship*, 961 F. Supp. 1199, 1206 (N.D. Ill. 1997).

**ANSWER: CMRE denies the allegations in ¶ 28.**

29. Plaintiff purchased a copy of his TransUnion consumer report.

**ANSWER: CMRE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this ¶ 29.**

30. CMRE did not intend to report the alleged debt for seven years from the date of the Letter.

**ANSWER: CMRE denies that it stated it would report the debt for seven years from the date of the letter, and denies the allegations in ¶ 30.**

31. In fact, CMRE communicated credit information regarding the alleged debt to the TransUnion consumer reporting agency, including an account number, a balance, and the original creditor. (Exhibit D, Excerpt of Plaintiff's TransUnion consumer report).

**ANSWER: CMRE states that Exhibit D is in writing and speaks for itself. To the extent Paragraph 31 seeks to add to, modify or mischaracterize Exhibit D, those allegations are denied. Except as specifically admitted, CMRE denies the allegations in ¶ 31.**

32. CMRE communicated to TransUnion that the account will be removed from the credit report in October, 2020.

**ANSWER: CMRE denies the allegations in ¶ 32.**

33. CMRE's threat to report the alleged debt for seven years was a false threat, intended to make the consumer afraid of negative effects on his credit report and rating, even though CMRE did not intend to report the alleged debt for seven years.

**ANSWER: CMRE denies that it threatened to report the debt for seven years, and denies the allegations in ¶ 33.**

34. CMRE made this false threat in an attempt to coerce Plaintiff into paying the balance in full on the alleged debt.

**ANSWER:** **CMRE denies that it made any threat, and denies the allegations in ¶ 34.**

35. Conditional language, particularly in the absence of any language clarifying or explaining the conditions, does not insulate a debt collector from liability. *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055 (9th Cir. 2011) (Cited by *Lox v. CDA, Ltd.*, 689 F.3d 818 (7th Cir. 2012).

**ANSWER: Paragraph 35 contains only a legal conclusion requiring no response. To the extent that an answer is required, CMRE denies any damages, liability and/or violations, to the extent alleged in ¶ 35.**

36. 15 U.S.C. § 1692e of the FDCPA provides as follows:

False or misleading representations

A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . .

. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

**ANSWER: Paragraph 36 contains only a legal conclusion requiring no response. To the extent that an answer is required, CMRE denies any damages, liability and/or violations, to the extent alleged in ¶ 36.**

37. CMRE threatened to take action against Plaintiff that it did not intend to take, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when it threatened to report the alleged debt to the national credit bureaus for seven years.

**ANSWER: CMRE denies that it threatened to report the debt for seven years, and denies the allegations in ¶ 37.**

38. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

**ANSWER: Paragraph 38 contains only a legal conclusion requiring no response. To the extent that an answer is required, CMRE denies any damages, liability and/or violations.**

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

39. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

**ANSWER: CMRE re-alleges and incorporates by reference the foregoing.**

40. CMRE used a false and misleading representation, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10), when it implied to Plaintiff that it could report the alleged debt to the credit bureaus for a period longer than the permissible period under 15 U.S.C. §§ 1681c(a)(4) and 1681c(c)(1).

**ANSWER: CMRE denies the allegations in ¶ 40.**

41. CMRE threatened to take action against Plaintiff that it did not intend to take, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when it threatened to report the alleged debt to the national credit bureaus for seven years.

**ANSWER:** **CMRE denies that it threatened to report the debt for seven years, and denies the allegations in ¶ 41.**

### COUNT II—ILLINOIS COLLECTION AGENCY ACT

42. CMRE attempted to enforce a right to fees to which they had no right, in violation of 225 ILCS 425/9 of the ICAA when it informed Plaintiff it could report the alleged debt for up to seven years.

**ANSWER:** **CMRE denies that it threatened to report the debt for seven years, and denies the allegations in ¶ 42.**

### JURY DEMAND

Plaintiff demands trial by jury.

**ANSWER:** **CMRE admits plaintiff demands a jury trial, but denies any and all liability, violations, and/or damages to the extent alleged, and further denies plaintiff is entitled to any relief.**

AND NOW, in further Answer to plaintiff's Complaint, Defendant, CMRE Financial Services, Inc., avers as follows:

### <u>FIRST AFFIRMATIVE DEFENSE</u>

Pursuant to 15 U.S.C. § 1692k(c), to the extent a violation(s) is established and in the event CMRE is found to be a debt collector as defined in the FDCPA, which is specifically denied, any such violation(s) was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

Plaintiff alleges that CMRE violated the FDCPA by representing that it could report the debt to the credit bureaus for a period longer than the permissible period under 15 U.S.C. §§ 1681c(a)(4) and 1681c(c)(1).  While CMRE has denied any such violation in its answer, it states in the alternative under Rule 8, that if any such violation occurred, it was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.  CMRE's procedures are reasonably adapted to prevent the alleged violations of the FDCPA, including, but not limited to, accurately reporting debts to the credit bureaus, and accurately reflecting applicable reporting periods on its communications.

## SECOND AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of CMRE, or for whom CMRE is not responsible or liable.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring the instant claims because plaintiff has no injury in fact that is concrete and particularized, and thus no standing under Article III of the United States Constitution.  *See Spokeo, Inc. v. Robins*, --- S.Ct. ---, 2016 WL 2842447 (U.S. May 16, 2016).

## FOURTH AFFIRMATIVE DEFENSE

Assuming plaintiff suffered any damages, plaintiff has failed to mitigate their damages or take other reasonable steps to avoid or reduce their damages.

## FIFTH AFFIRMATIVE DEFENSE

One or more of the counts contained in the Complaint are barred by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail as any dispute arising out of plaintiff's account, on information and belief, is subject to binding arbitration.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, on information and belief, are prohibited by the terms and conditions of plaintiff's agreement with the original creditor.

## EIGHTH AFFIRMATIVE DEFENSE

CMRE denies any liability. However, regardless of liability, plaintiff has suffered no damages as a result of CMRE's purported violations.

WHEREFORE, Defendant, CMRE Financial Services, Inc., having answered plaintiff's complaint completely, respectfully requests that judgment be entered in its favor and against plaintiff dismissing the complaint with prejudice and awarding defendant costs, attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated: May 20, 2016

> Respectfully submitted,
>
> */s/ Morgan I. Marcus*
>
> James K. Schultz
> Daniel W. Pisani
> Morgan I. Marcus
> Sessions Fishman Nathan & Israel, LLC
> 120 South LaSalle Street, Suite 1960
> Chicago, Illinois 60603-3651

Telephone: (312) 578-0990
Facsimile: (312) 578-0991
E-mail: jschultz@sessions.legal
dpisani@sessions.legal
mmarcus@sessions.legal
*Attorneys for Defendant,*
*CMRE Financial Services, Inc.*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of May, 2016, a true and correct copy of **CMRE Financial Services, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Morgan I. Marcus*

*Attorneys for Defendant,*
*CMRE Financial Services, Inc.*